IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SARAH GRIPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-3215 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| ILLINOIS, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion for a protective order.

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant City of Springfield, Illinois moves for a protective order to be entered in regard to certain confidential information requested by Plaintiff Sarah Gripper. The City claims that the Plaintiff has requested the full personnel files of certain individuals, which include information such as social security numbers,

1

drivers license numbers, addresses, telephone numbers, names of relatives, prior work history and information identifying certain employees by race. The City alleges that the release of such information would constitute an unwarranted invasion of the privacy of individuals who are not a party to this litigation.

In support of its motion, the City notes that the Court has the authority pursuant to Rule 26(c) to issue such orders as are necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The City alleges that the Plaintiff has requested the race of every individual that it currently employs. It contends that while such information in the aggregate and not personally identifiable may be relevant, and the race of certain individuals in a particularized circumstance may be relevant, the wholesale identification of every employee of the City is an unwarranted intrusion on the privacy of the employees.

In her response to the City's motion, the Plaintiff alleges that the information which is the subject of the City's request for a protective order has previously been before the Court in the form of motions to compel filed

by her. The Plaintiff notes that in responding to those motions to compel, the City did not object to providing the requested material on the basis of confidentiality. The Plaintiff further asserts that it was not until the last day the Court had allowed the City to provide the information when counsel for the City first mentioned confidentiality. It was then that counsel for the City asked the Plaintiff's counsel if he would agree to enter into a joint motion for a protective order. Counsel for the City declined to do so.

The Plaintiff alleges that the City's request that the Court enter "a protective order on such terms as are necessary to protect the personal information of the employees of the City of Springfield from unwarranted intrusion and disclosure" is too broad and non-specific. Moreover, the Plaintiff states that she has no objection to the redaction of the following information: social security numbers, drivers license numbers, addresses, telephone numbers, names of relatives as they apply to both the employee and their families. Accordingly, a request to redact such information would have been agreeable.

The issue upon which the parties disagree involves the disclosure of race. The Plaintiff contends that the City cites no authority in support of its assertion that "the wholesale identification of every employee of the City is an unwarranted intrusion on the privacy of the employees." Additionally, the Plaintiff claims that the City is late in objecting to the disclosure of race on the basis of confidentiality. The previous objections proffered by the City in response to the Plaintiff's interrogatories have been based on its assertions that the information requested is overbroad, irrelevant, and not reasonably calculated to lead to discoverable information. The City did not mention the issue of confidentiality in its responses.

The Plaintiff notes that the City's motion for a protective order does not mention the interrogatories, but only mentions personnel files. She asserts that even if the entire personnel files are considered protected by a protective order, the City has not made the same argument regarding the interrogatories.

Finally, the Plaintiff alleges that should the Court determine that the identification of the race of a specific named person should be treated as

confidential and subject to a protective order, there is no legitimate basis for treating the numbers themselves as confidential. Specifically, information such as the total number of employees of the City, the number who are White, and the number who are African-American would not be confidential information. Moreover, the total number of employees hired by the current administration, the number who are White, and the number who are African-American would not be confidential information. The Plaintiff asserts that such aggregate information could not possibly invade the privacy of an individual employee.

The Court has previously determined that the information requested by the City pertaining to the race of employees and former employees is relevant. It appears that the City has refused to provide this information, whether in the form of a personnel file or by answer to an interrogatory. The Plaintiff acknowledges that certain information contained in the personnel files is personal, the disclosure of which would constitute an unwarranted invasion of the privacy of individuals who are not a party to this litigation. That is why the Plaintiff would have agreed such information

5

could be redacted.

Based on the foregoing, the only issue pertaining to the motion for a protective order–information identifying certain employees and former employees by race–has already been decided by the Court in resolving previous motions to compel. The Court is not persuaded by <u>Scaife v. Boenne</u>, 191 F. R. D. 590 (N.D. Ind. 2000), a case relied on by the City in support of its motion. That case does not address the disclosure of the race of an entity's employees. Instead, the court in <u>Scaife</u> determined that the defendants' addresses, social security numbers, and information about their children were not relevant to the allegations of the complaint. <u>See</u> <u>id.</u> at 592. That is precisely the type of information which the Plaintiff has agreed can be redacted.

The Court concludes that there is no basis for issuing a protective order in this case. The City can produce the requested documents or answer the interrogatories without providing the personal information of employees or former employees. To ensure that no such information is disclosed, the City can redact from any response information such as social security

numbers, drivers license numbers, addresses, telephone numbers and names of relatives as they apply to both the employee or former employee and their families.

Ergo, the Defendant's motion for a protective order [d/e 40] is DENIED.

ENTER:  September 26, 2005

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge