IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SARAH GRIPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-3215 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| ILLINOIS, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

The Plaintiff's complaint includes claims for racial discrimination and retaliation, pursuant to 42 U.S.C. §§ 1981 and 1983.

Pending before the Court is the Plaintiff's motion for sanctions.

Sanctions against the City of Springfield are denied.

I.

Plaintiff Sarah Gripper has filed a motion for sanctions against Defendant City of Springfield, Illinois.  In support of her motion, the

1

Plaintiff alleges that she propounded the following interrogatory to the City:

> 4. Please set forth the date(s) on which Plaintiff made complaints about racial treatment and/or comments to an employee or former employee of the Defendant, the nature and particulars of the complaint, to whom the complaint was made, and the response made or action taken, if any, by Defendant to such complaints.

The Plaintiff states that on April 5, 2005, the City submitted the following response to the interrogatory:

> None.  Plaintiff never made any complaint about racial treatment and/or comments to any employee or former employee of Defendant.

The response was signed by counsel on behalf of the City and verified under oath by Larry Selinger, the City's Director of Human Resources.  The Plaintiff claims that this response was false and violates Federal Rules of Civil Procedure 11, 26 and 37.

The Plaintiff alleges that in his deposition taken on February 21, 2006, Richard Berning, a former employee of the City and the Plaintiff's former supervisor, testified under oath that the Plaintiff made a complaint to him about racial comments made to her by Matt Hitzemann.  Berning also testified that the Plaintiff's complaint to him was known to both Larry

2

Selinger and Todd Renfrow, with whom he met regarding the complaint. The Plaintiff contends that the City had the opportunity to correct its false answer when it sent its supplemental answers to interrogatories on September 9, 2005 and its corrected supplemental answers to interrogatories on September 12, 2005, but it failed to do so.

The Plaintiff alleges that it was only after Berning testified that the City was forced to correct its false answer.  The Plaintiff notes that it was on February 22, 2006, one day after Berning's deposition, that the City sent its amended answers to interrogatories and "finally told the truth and admitted that Plaintiff had made racial complaints to her supervisor."

The Plaintiff alleges there is no dispute that Larry Selinger knew that the response was false at the time he verified it.  The Plaintiff notes that Berning's testimony confirms that he had discussed her complaint with Selinger in a meeting in Selinger's office, at which Todd Renfrow was present.  She contends, therefore, that Selinger knew the response to the interrogatory was not true at the time he verified the response.

3

II.

In its response, the City first alleges that the Plaintiff's memorandum fails to meet the requirements of Local Rule 7.1(B)(1), in that she fails to identify any supporting legal authority. The City claims that if the Plaintiff is seeking Rule 11 sanctions, then the motion has not been properly served. The City notes that a motion under Rule 11(c)(1)(A) must first be served upon the other party. It may then be filed with the Court within 21 days if the challenged document is not corrected or withdrawn. The City contends that the reason for the Plaintiff's refusal to follow the procedures of Rule 11 is apparent. Specifically, the City filed an amended answer to the interrogatory immediately after Berning's deposition, which was the first time that the information at issue was available.

The City further alleges that pursuant to Rule 37, the Plaintiff is required to include a certification that she has conferred or attempted to confer with the City regarding the discovery dispute. The City claims that the Plaintiff made no such attempt to resolve the matter. Even if the Plaintiff had followed the proper procedure, moreover, the City contends

4

that Larry Selinger's deposition testimony of November 16, 2005 demonstrates that he did not then know that the interrogatory answer was false. It was not until February 21, 2006 that the City obtained the contrary information. The City asserts, therefore, that it could not have corrected its answer on September 9 or 12, 2005, as suggested by the Plaintiff. The City alleges that at most, the Plaintiff has identified inconsistent statements between a current employee and a former employee. It further asserts that the standard proposed by the Plaintiff is one that can never be met. Finally, the City states that it has always corrected any unintentional errors in a timely manner and will continue to do so.

## III.

The Plaintiff was granted leave to reply to the City's response to her motion for sanctions. In her reply, the Plaintiff alleges that Matt Hitzemann was deposed on November 9, 2005, one week before Larry Selinger's deposition. The Plaintiff claims Hitzemann testified that, during a meeting at which Selinger was also present, Todd Renfrow told Hitzemann the Plaintiff had claimed that Hitzemann had made a racial slur

5

toward her.  Accordingly, the Plaintiff contends that counsel for the City knew at least by November 9, 2005 that the answer to the interrogatory was untrue, yet it made no attempt to correct the answer for 106 days.

The Plaintiff further alleges that the testimony by Hitzemann also proves that Selinger knew the answer was not true when he signed the verification to the false interrogatory answer.  According to that testimony, Selinger was present prior to the Plaintiff's layoff on September 30, 2003, when Renfrow and Hitzemann discussed the complaint about the racial comment.  Consequently, the Plaintiff claims that the correction of the false answer was not timely.

The Plaintiff next alleges that the deposition testimony of Richard Berning also proves that Selinger knew that the interrogatory answer was not true when he signed the verification.  According to Berning's testimony, Selinger was present at a meeting with Renfrow when the complaint about the racial comment was discussed.

Based on the foregoing, the Plaintiff contends the City has known that the answer to the interrogatory was false since it was verified by Selinger

and served on April 5, 2005.  Otherwise, the Plaintiff claims that the City will have to assert that both Hitzemann and Berning did not testify truthfully in their depositions.  The Plaintiff notes that the City has not yet made such an assertion.

The Plaintiff further alleges that the testimony of Hitzemann and Berning shows that portions of Selinger's deposition testimony were also false.  Based on this deposition testimony, the Plaintiff contends that the City has failed to disclose information to the Court and Selinger has knowingly verified a false answer and testified falsely in his deposition.[1]

Finally, the Plaintiff asserts that the City's arguments about her alleged failure to comply with Rule 11 are surprising in light of the fact that the City in another case filed a motion for sanctions against that plaintiff without identifying the rule under which the motion was brought, without serving the motion on the plaintiff before it was filed, and without conferring with the plaintiff or counsel prior to the filing of the motion.

---

[1]This is an interesting position.  The Court observes, however, that it is often the case that a party's allegations are refuted or disproven during the course of litigation.  It does not necessarily follow that sanctions are warranted.

Based on the foregoing, the Plaintiff requests that the Court impose appropriate sanctions on the City.

IV.

The City acted promptly after Richard Berning's deposition to amend its answer to the interrogatory about whether the Plaintiff had made complaints about racial treatment to City employees.  The Court rejects the Plaintiff's contention that the City should be sanctioned for failing to correct the answer to the interrogatory when it served its supplemental answers on September 9 and 12, 2005.  The Plaintiff has not pointed to any deposition testimony or other evidence prior to those dates which would have put the City on notice of complaints that she made about racial treatment or comments.  Accordingly, the Plaintiff is basically asking the Court to conclude that Larry Selinger was being less than candid on April 5, 2005 when he verified the City's answer to the interrogatory.  The Court is unable to make such a determination.  It would be inappropriate to sanction a party simply because the other party has pointed to inconsistent statements between an employee and a former employee of one of the

parties.  Such inconsistencies are not uncommon in litigation.

V.

The Plaintiff has a stronger argument that the City could have amended the answer to the interrogatory following Matt Hitzemann's deposition on November 9, 2005.  Hitzemann testified he was told by Todd Renfrow that the Plaintiff had claimed that Hitzemann had made a racial slur toward her.  Accordingly, the City was on notice by November 9, 2005 that the Plaintiff had complained about racial comments.  However, the Court declines to impose any sanctions based on the City's failure to immediately correct its answer to the Plaintiff's interrogatory.

VI.

The Court will DENY the Plaintiff's motion for sanctions.  The Plaintiff was not prejudiced in any way by the City's failure to amend the answer following Hitzemann's deposition.  The Plaintiff was aware of his testimony at the same time as was the City.  Accordingly, she could have requested that the City amend its answer to the interrogatory following Hitzemann's deposition.  Sanctions might then have been appropriate if the

9

City refused such a request and the Plaintiff had complied with Federal Rule of Civil Procedure 11.  The fact that the City may not have complied with Rule 11 in another case does not excuse the Plaintiff from complying with Rule 11 in this case.

Ergo, the Plaintiff's motion for sanctions [d/e 49] is DENIED.

Enter:  April 13, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge

10