IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SARAH GRIPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-3215 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| ILLINOIS, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion to quash the subpoena.

Defendant City of Springfield, Illinois has moved to quash a subpoena to National City Bank. In support of the motion, the City states that on April 24, 2006, National City Bank was served by fax with a document purporting to be a subpoena. The City claims that the "subpoena" is not in the form prescribed by Federal Rule of Civil Procedure 45. The City notes that the cut-off date for discovery in this case was April 24, 2006. The

1

return date for the subpoena was April 28, 2006. The City asserts that its counsel requested that the Plaintiff voluntarily recall the "improper" subpoena. The Plaintiff did not recall the subpoena. The City then moved to quash the subpoena directed at National City Bank.

In her response, the Plaintiff first states that a subpoena was sent on Aril 20, 2006 to Illinois National Bank, Matt Hitzemann's former employer, requesting the production of documents on April 24, 2006, the last day of the discovery period. On April 24, an Illinois National Bank representative notified the Plaintiff's counsel that because of various mergers, the requested documents could instead be obtained from National City Bank. The subpoena directed to National City Bank was served on April 24, 2006 and requested production on April 28, 2006.

The Plaintiff next alleges that on April 25, 2006, the City's counsel faxed a letter to Plaintiff's counsel regarding the subpoena, wherein he stated, "I will file a Motion to Quash tomorrow morning if you have not voluntarily complied." Because he had already left for the day, the Plaintiff's counsel saw the fax when he arrived at his office on the morning of April 26. The Plaintiff claims that counsel immediately emailed counsel

for the City asking why he thought the subpoena was untimely and whether he had any authority for that statement. Counsel for the City then filed this motion to quash and answered Plaintiff's counsel by stating, "I assume you are able to read the case management order that sets the cutoff date as April 24."

Next, the Plaintiff notes that the subpoena is directed to National City Bank, and that the City therefore lacks standing to quash the subpoena. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (2d ed. 1995). The Plaintiff's counsel states that he has received no complaint from National City Bank regarding compliance with the subpoena. Moreover, the City has not pointed to any "right or privilege" implicated by the requested documents.

As for the City's other arguments, the Plaintiff alleges that it has not specified what defect it believes exists with the subpoena in violation of Rule 45. Moreover, while maintaining that the subpoena was sent to

3

National City Bank during the discovery period, the Plaintiff contends that even if the request was made after the discovery deadline, there is no legitimate reason to prevent her from obtaining information from a third party by subpoena. The Plaintiff asserts that the requested information can be used for reasons that do not involve discovery.

Although the City claims that the subpoena is not in the proper form prescribed by Rule 45, its motion to quash appears to be based primarily on its assertion that the subpoena is untimely. Given that the City has not alleged that it has some right or privilege with regard to the requested documents, however, the Court concludes that the City lacks standing to move to quash the subpoena issued to the non-party bank.

<u>Ergo</u>, the Defendant's motion to quash the subpoena [d/e 64] is DENIED.

ENTER: May 12, 2006

       FOR THE COURT:

          s/Richard Mills
          United States District Judge